IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MOMENT, #371430,      *

    Petitioner,              *     Civil Action No. WDQ-12-1485

v.                            *

W. WEBB, Warden, *et al.*     *

    Respondents              *
                                   ***

**MEMORANDUM**

Pending is Michael Moment's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2011 conviction in the Circuit Court for Montgomery County for intimidating and threatening an officer of the court.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254 (b) & (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction. In Maryland, a petitioner convicted in a criminal case may satisfy this requirement on direct appeal or by way of post-conviction proceedings.[1]

In this case, Petitioner has yet to exhaust his claims either by way of direct appeal or collateral review before the appropriate state courts. His direct appeal is before the Maryland Court

---

[1] To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. See Md. Code Ann, Cts. & Jud. Proc., §12-201 and §12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann, Cts. & Jud. Proc., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann, Cts. & Jud. Proc., §12-202. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann, Crim. Proc., §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann, Cts. & Jud. Proc., §12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file for writ of certiorari to the Court of Appeals. *See Williams*, 292 Md. at 210-11.

of Special Appeals. Petition 2-3. Petitioner's post-conviction petition is under review in the Circuit Court for Montgomery County. Petition 4. Petitioner presents no reason why the exhaustion should not apply in his case.

Accordingly, a separate Order will be entered, dismissing the Petition without prejudice to allow Petitioner to exhaust his state court remedies. Petitioner is advised that a one-year filing deadline applies to § 2254 Petitions for Writ of Habeas Corpus. *See* 28 U.S.C. § 2244(d).[2] Petitioner must take care not to miss this deadline if he intends to refile his Petition after he has exhausted state court review. A separate Order follows.

5/31/12
Date

William D. Quarles, Jr.
United States District Judge

---

[2] This section provides:

    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States it removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection